Good morning, Your Honors. Thank you very much. Eric Schiffer on behalf of the appellant, Larry Benson. I would like to reserve three minutes of my time for rebuttal, if I may. Okay, watch your clock. I will, Your Honor. Thank you. Your Honor, the issue we're presented with in this case is whether there was any plausible basis for Mr. Benson to recover against Life Insurance Company of North America, LENA, as we referred to them in the briefing, for breach of fiduciary duty under ERISA. This was a 12B6 motion that was granted, so we're looking at the plausibility of the claims. More specifically, the issue is whether or not Benson stated a claim for surcharge under Section 502A3, more specifically, B1 under ERISA, which seeks redress for LENA's breach of fiduciary duty during the appeal process. It is correct, and it's been raised during the briefing, that there is no reason in Section 51B for recovery or reinstatement of benefits because the benefits were, in fact, reinstated during the second appeal process. The issue, then, is whether or not there was an ability to recover as a surcharge, the attorney's fees, the expert fees, all the costs that were incurred in coming to that result. In other words, the reinstatement is not the end of the story. There is a colorable claim, we believe, to redress those violations. The issue first to be addressed is whether or not monetary compensation can qualify as other equitable relief under 502A3. I think the Supreme Court in Amara made it very clear that it can when it said that if monetary compensation is compensating as a loss resulting from a breach of a fiduciary duty owed by a trustee, that monetary compensation can, in those instances, take the form of equitable relief. This court, most recently in the Moyle case, reiterated that finding as well. So monetary compensation is available as an equitable form. The next issue we get to is whether or not the specific kind of compensation we're claiming, attorney's fees, incurred pre-litigation and expert fees, are recoverable as a surcharge. The district court found that they were not. Lina has echoed that sentiment. And it's based primarily on this court's holding in the Cann case. And as we've briefed extensively, I believe the Cann case is not controlling in this circumstance. Cann involved a situation where a settlement was reached between ERISA litigants whereby the litigant who was seeking reinstatement of benefits that had had them denied was allowed the opportunity to come before the district court to seek attorney's fees. And during that process, the district court found that attorney's fees incurred pre- litigation did not qualify as 1132G attorney's fees as a successful ERISA litigant. Because the statute... Council, if we think that Cann bars pre-litigation fees in this case, what's left in the case? Well, there is a claim for expert fees that are not pre-litigation fees. The court also, the district court also found that there was a right to recover interest, which has already been resolved. So there are pieces of the claim that I believe would survive. Obviously, the attorney's fees portion would be the lion's share. And that's what we'd be advocating for. And which is why we believe the distinction is not applicable. Because Cann talked about in an ERISA action, can you reach back beyond the, quote, action to get pre-litigation fees as an 1132G recovery of fees, a successful litigant? That's not what we're claiming here. Our attorneys, our pre-litigation attorney's fees are part of the harm itself. They are an element of the harm. They are an element of the breach of fiduciary duty claim, which I believe distinguishes it from a Cann situation and why we believe the district court was wrong in that regard. With regard to your tort claims for public disclosure of private information and negligent infliction of emotional distress, are those claims based solely on the sending of the file and private information to the lawyer or are there allegations of dissemination beyond that? Well, as to the first claim for the public disclosure of private facts, that I believe was based primarily upon sending the file to a disinterested third party. The negligent infliction of emotional distress I believe bears upon the entirety of the process, all of the steps that he had to go through, all the wrongful denials that we believe the bad faith conduct that was exhibited. And again, we're talking about a 12B6 standard here. We believe that the allegations, and Judge Newman, we're now reaching back to the original complaint where those allegations were set forth before the amendment. We believe that they were sufficiently stated. The briefing that we've seen on the issue in this case basically says, ah, come on, it wasn't that negligently inflicted. And it's not appropriate to get into the substance of the claim at this juncture. It's appropriate to examine whether or not we stated a claim. And I believe that the original complaint did sufficiently state claims. The district court found those claims to be preempted and we believe that was an incorrect finding based upon the, jumping back to the summary plan description issue, we found that the position that Lena took, that the district court had the right to review the SPD in conjunction with the plan when reviewing the 12B, the complaint for purposes of the 12B6 motion, we believe is inappropriate. Amara has stated that summary plan descriptions are not plans. They are summaries and descriptions of plans and they shouldn't be merged together. That they're related is one thing, but that they should be considered part of the pleading, I think, is something different. So we believe that the preemption on that basis was inappropriate. But in any event, even if the preemption was appropriate, we believe those two specific claims that you referenced should have survived because under the Dishman case, the preemption is related to the administration of a plan. It has nothing to do with how the plan was actually put into effect. Otherwise, in the courts have held and Dishman held that you would give blanket immunity for plan administrators to do whatever they wanted under the umbrella of ERISA preemptions. We think those claims should have survived at a minimum for the original complaint. And we also believe that the 502A3 claims are seeking redress, which is what the statute specifically provides. 502A3B1 says it's other appropriate equitable relief to redress violations. What is redress? Redress means to make good. It means to set it straight, to set it right, to compensate. We believe that is what has been alleged in the First Amendment complaint. We believe that that should have, at a minimum, withstood the scrutiny of a 12b6 motion. And for that reason, we would request that this court reverse the district court on those findings. And I'll reserve the remainder of my time. Thank you very much, Your Honor. May it please the court. Good morning. Thank you, Your Honor. My name is Nicole Bloom on behalf of Dependent Life Insurance Company of North America. This is a very narrow issue presented before the court today. The issue specifically pertains to whether or not the appellant, during the administrative process, can recover attorney fees and costs incurred during that process in order to get his benefits reinstated. And we think this falls squarely within CAN and 1132G. Now, appellant was very creative to try to find another route to get attorney's fees and costs, but this is not the case for that proposition because of the allegations that were expressly pled. As far as the attorney fee section, Congress expressly provided for fees and costs in G. It limited it to the word action. It did not include costs and fees during the administrative process, and the CAN case recognizes that, and several other circuit courts recognize that as well. In fact, no cases that I found have found otherwise. So as far as Mr. Benson's argument, whether or not he can specifically recoup fees and costs under A3, he has not pled either a remediable wrong or appropriate equitable relief. First of all, he claims that his injury was the fact that his benefits were denied and all of his other injuries were related in part and parcel to that. So that is not recoverable. In addition, appropriate equitable relief is not the type of relief that Congress has already intended in Section G. This is very different from AMARA and other cases that stand for the proposition that perhaps a surcharge is an appropriate equitable relief form, and we're not arguing that it's not necessarily. We're just saying in this case that the issue before this court only pertains to whether or not an appellant who incurs administrative fees in the form of attorney's fees and costs can recover them under A3. And this should not be allowed because it would turn A3 into a first line of attack, which was not intended by any other ruling in this case than granting or affirming the motion to dismiss or the dismissal. Mr. Benson would be able to recover fees that he couldn't recover had his benefits been denied, and that just simply doesn't make sense. This is very different from cases where claimants don't have an administrative process to go through or are not able, for some reason, to avail themselves of the administrative process. In this case, the administrative process worked as Congress intended it to. He had the benefits were reinstated during that process, and that doesn't invite the loophole to get around G to create an actionable claim for fees and costs under A3. What about imminent justice tort claims? What about his tort claims? Well, first of all, I think that he waived his tort claims because they were staged. And Lina argued that they were preempted. And his briefing didn't address that, nor was it addressed at the hearing or in the actual ruling. So I think that there's an extremely strong waiver argument that they were preempted along with everything else because they really weren't the crux of the case. The crux of this case is whether or not Mr. Benson can get his fees and costs that were incurred during the administrative process, not necessarily whether the inadvertent disclosure or sending of records to the wrong plaintiff's lawyer that were immediately returned creates an actionable claim. Now, I anticipate he has the last word. And so I anticipate he's going to get up and say, well, yes, we didn't brief it, but because it deals with this court's jurisdiction, it can be raised any time. And so you can't waive the ERISA preemption argument in this context. I'd like to give you a chance to respond to what I think he's going to say. Okay, well, I agree you cannot waive ERISA preemption, but I think he raised the argument because we didn't have the opportunity to brief it. But even if the established that he satisfied either conflict preemption or express preemption because all of his tort claims derived from the actual handling and the, quote, what he calls the road to reinstatement of his benefits for which he received the benefits. He received exactly what Congress intended him to receive. Let me ask you about the preemption issue. It seems to me that in ERISA, there are two different types of preemption. There's what we call complete preemption, which forces the entire case into federal court. But then there also can be preemption as to a particular claim. And that might not be necessarily jurisdictional. Can you speak to that? Am I in the right zip code when I talk about that? Or am I crazy when I talk about that? It's okay to call me crazy. That's all right. Don't worry about it. I would never call you crazy. But I'm not sure I specifically understand your question. Sure. So under ERISA, there's complete jurisdiction where the whole case gets removed to federal court. But there are other forms of preemption, too, where it can be as to a particular claim. One claim might be preempted, but not necessarily the whole case. Are you arguing that the preemption in this case that he is asserting is one which would be claim specific as opposed to the whole case? Both. We're arguing both the express preemption and the conflict preemption preempts both of his claims. He also hasn't stated a claim for the public disclosure because he hasn't even alleged public disclosure. He only alleged that the records were inadvertently sent to the wrong attorney's office. It wasn't public. As far as the negligent infliction of emotional distress, that's all part and parcel of the claim adjudication process, the process that every claimant probably goes through if they have their benefits denied and they go through the appeal process. And do you have any authority, I'm going to focus on this conflict preemption, do you have any authority that says conflict preemption arguments can be waived? I think we agree that complete preemption arguments cannot be waived. They're jurisdictional. They can be waived at any time. How about conflict preemption? Any authority that says that could be waived? No, I don't have authority that it can be waived. How about the other way? Do you have any authority that says it can't be waived? Well, I don't think you can waive preemption, but when it's fully briefed below at the motion to dismiss stage, I don't think, I mean, it's a concession, it's conceded. If there's no response to Lina's briefing on the issue, and it's not raised or preserved during the oral argument, then he shouldn't get another bite at the apple. He had his opportunity, so it's conceded. Well, I would agree with you that if it could be waived, I think you've got a very good argument that it's been waived. I guess my question though is that, and maybe there is no doubt on this, for conflict preemption, can someone actually waive that as a complete preemption? I think we all agree it can't be. As to conflict preemption on a claim, I was curious if there's any authority, and I'll probably ask the other side if he knows of any authority on conflict preemption that could be waived. Anyway, I don't want to, I've taken too much time on this. Go ahead and move on. Well, as far as the state law claims, they were part and parcel of the road to the statement that he's claiming caused him injury, but all of those are already addressed in Gee, and I think the most important thing in this particular case is the practical impact if he's allowed to go forward with this claim. I mean, all these cases, Concrete, Amara, Mertens, they all talk about this careful balancing that has to take place, and in this particular case, when the remedies already provided for allowing a loophole under 3 is going to render Gee superfluous, it'll mean nothing because he will, any appellant, and more importantly, their attorneys are going to become heavily invested and involved in the administrative process, which Congress did not envision, and I don't think intends to this day, because there have been changes to the ERISA regulations ongoing, and none of them have addressed the attorney fees provision that's in Gee. If Congress wants to expand attorney's fees and costs to the administrative process, then that's certainly within Congress's ability to do that, but that's not the issue we're here for today. All right. Thank you, Counsel. Thank you very much. Thank you, Your Honors. I just wanted to address a couple of things, and I will get to your preemption question in just one moment. I just wanted to first address the 1132G arguments that were being made. I don't believe we have an apples-to-oranges, or I believe we have an apples-to-oranges comparison with that argument. The issue, this has never been an 1132G case. This has always been a 502A3 case. What the District Court has done, and what Lena has continued to do, is to conflate 502A1, which is reinstatement of benefits, with 502A3, which is surcharge seeking equitable relief to redress violations. Those are not the same thing. That the benefits were reinstated after a fight, I believe we can set forth under 502A3, and in fact, several courts in this circuit, which we've briefed, have in fact found that the attorney's fees, in the manner that we are proposing, are viable claims. In the McGlasson case, which is from the District of Arizona, which we briefed, that case said that because the claimant was forced to file bankruptcy, that the debts he incurred and the bankruptcy attorney's fees he incurred were properly pled as a result of the bankruptcy. The Zisk case, which is from the Northern District of California, talked about consequential financial losses. These are the kinds of things, I believe, that the Supreme Court has announced that constitute appropriate equitable relief to redress violations. Otherwise, that provision really has no teeth. It doesn't mean anything. So there are district courts already ruling in this manner in the context of 12B6 motions. So we think we're not out in the weeds in that issue. I think we are in the universe to be because we never claimed to have a 503A1 claim in this case. This isn't a denial of benefits claim. It was always filed as a surcharge claim. And real briefly, to get to the waiver issue, Your Honor, Judge Owens, I don't have a case to cite to you on either side of that. But I would say that the waiver argument, I don't believe it can be waived. I can certainly brief that further if you'd like. But I do believe that this waiver issue is sort of thrown around a lot. And if the issue is that specific issue was not briefed during the 12B6 briefing, I don't think that rises to the level of waiver. I think we cited some cases that talk about if there's a question of law on de novo review, all relevant authority gets to come in here. So I don't think that the issue would be waived because it wasn't specifically briefed. The case that they cited on the waiver issue is the Brownfield case. There's a specific exception in that case to when you're talking about issues of law as opposed to issues of fact. It's not fair to not raise something factually below and then come try to blindside somebody and brief it later on on appeal. I get that. But these are the legal issues that were always there. And the court's focus at the 12B6 briefing below was on the preemption issue. And the court didn't get into any of the specifics because it didn't need to get that far. He found that the whole matter was preempted and didn't get to the individual claim. So the matter didn't come up for briefing. I don't think that would be appropriate for it to be waived on appeal. Your Honor, if there's no other questions, we would respectfully request that the Benson's claims to proceed. Thank you very much for your time. Thank you very much. Benson v. Life Insurance Company of North America is submitted. Thank you, counsel.
judges: Wardlaw, Nguyen, Owens